■ DAIRY BARN STORES, INC., Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent.—In an action, *inter alia,* to declare certain ordinances of the Town of North Hempstead unconstitutional, plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 24, 1977, which (1) granted defendant's motion for summary judgment dismissing the complaint and (2) denied its cross motion for summary judgment. Order modified, on the law, by deleting therefrom all language after the words "Plaintiff's motion for summary judgment is denied", and substituting therefor provisions (1) declaring the ordinances in question to be constitutional and (2) otherwise dismissing the complaint. As so modified, order affirmed, with $50 costs and disbursements payable to defendant, upon the opinion of Mr. Justice Berman at Special Term (cf. *Lanza v Wagner,* 11 NY2d 317, 334). Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.

■ MATTHEW DI PILLA, Appellant, v CITY OF NEW YORK et al., Respondents.—In an action based upon workmen's compensation awards, the plaintiff appeals from an order of the Supreme Court, Kings County, entered June 3, 1977, which (1) denied his motion for summary judgment, (2) granted the defendants' cross motion for summary judgment and (3) dismissed the complaint. Order modified, on the law, by (1) deleting the first and third decretal paragraphs thereof and substituting therefor a provision granting plaintiff partial summary judgment in the amount of $6,382 and (2) adding to the second decretal paragraph thereof, after the word "granted", the following: "as to the portion of the complaint which seeks to recover the amount of the penalties, and is otherwise denied." As so modified, order affirmed, with $50 costs and disbursements, payable to the plaintiff. The Workmen's Compensation Board awarded the plaintiff benefits in the amount of $6,382. He was also awarded $1,276.40 in penalties as a result of the defendants' failure to pay the benefits previously awarded. Although an appeal by the defendants is pending before the Workmen's Compensation Board, that appeal is limited to the penalties which were levied against them. No appeal is pending as to the benefits already awarded to the plaintiff. We see no reason why the plaintiff should not be permitted, by an action at law, to enforce his rights to these benefits, the payment of which has been delayed for more than a year. Nothing in the Workmen's Compensation Law bars such an action. The action is premature insofar as it seeks recovery of the amount of the penalties. Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.